GONZÁLEZ, PLAINTIFF AND APPELLANT, *v.* SANTINI & COMPANY ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action of Replevin.

No. 1705.—Decided June 29, 1918.

JUDGMENT—AMENDMENT—DISCRETION OF COURT.—Courts of record have inherent power to amend their judgments in order to attain the ends of justice and to make them conform to the facts and truth of the case, and the granting of an amendment during the term at which the judgment is rendered will not be disturbed on appeal except for an abuse of discretion.

The facts are stated in the opinion.

*Mr. José Martínez Dávila* for the appellant.

*Messrs. Rafael Arce* and *M. Tous Soto* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Angel González intervened as alleged owner of a certain lot of tobacco attached by Santini & Company as plaintiff in an action against Francisco Jiménez Lajara.

After a trial on the merits the complaint of González was dismissed. Three days later, at the instance of Santini & Company and without previous notice to González, the court amended its judgment so as to require González and his sureties to pay Santini & Company the value of the property which, it seems, González had sold after procuring its release from the attachment.

González appealed from this order and from a later order refusing a new trial.

The first assignment is in substance that the court erred in failing to interpret properly section 22 and paragraph 5 of section 162 of the Law of Evidence.

We are constrained to concur in what seems to have been the theory of the district judge that in section 21 prescribing the manner in which the presumption in favor of the truth of testimony may be repelled, rather than in section 22 protecting the rights of a party from prejudice by the declaration of another, is to be found the rule which should govern the situation developed at the trial; and a careful examination of the whole record discloses no solid basis for the contention that the conclusion reached by the court was not in accordance with the preponderance of the proof.

The second assignment is that the court erred in granting the motion to amend the judgment, without notice to claimant. No question is raised as to the character of the amendment or the power of the court to make it, independently of the requirement of section 135 of the Code of Civil Procedure. Courts of record have inherent power to amend their judgments, "in order to attain the ends of justice, and to make them conform to the facts and truth of the case." And "the allowance of an amendment during the term at which a judgment or decree is rendered will not be disturbed on appeal except for an abuse of discretion." 15 R. C. L., p. 672, § 123.

The order complained of properly may be regarded as made *nunc pro tunc* during the term, on suggestion of the party interested, for the purpose of causing the judgment to conform to undisputed facts showing on the face of the record an unquestionable right to the amendment; and appellant does not even attempt to point out prejudice to any substantial right. No notice of such entries is required. 1 Black on Judgments (2nd ed.), 134, 163, 164.

The judgment and order appealed from must be

*Affirmed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.